CHRISTINE LEPERA (admitted *pro hac vice*)
ctl@msk.com
CHRISTINA E. DJORDJEVICH (SBN 262721),
cyd@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 E. 49th Street, 30th Floor
New York, NY 10017
Telephone: (212) 509-3900

ELAINE K. KIM (SBN 242066)
ekk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants Jessica Cornish, UMG Recordings, Inc. (erroneously sued as Universal Music Group, Inc.) and Universal Republic Records, a division of UMG Recordings, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL LOOMIS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>JESSICA CORNISH, P/K/A JESSIE J, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; LAVA RECORDS LLC, a limited liability company; UNIVERSAL REPUBLIC RECORDINGS, business form unknown; and DOES 1 – 10 INCLUSIVE,<br><br>    Defendants. | CASE NO. CV 12-5525-RSWL(JEMx)<br><br>Hon. John E. McDermott<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Courtroom: C, 8th Floor |

Mitchell
Silberberg &
Knupp LLP

5030378.1/44939-00001

[PROPOSED] PROTECTIVE ORDER

This Court finds that good cause exists for a Protective Order on the terms and conditions stipulated by the parties.

Therefore, IT IS ORDERED as follows:

## 1. DEFINITIONS

1.1 As used herein, the term "Confidential Information" shall mean: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or third party contends would cause serious harm to the disclosing party's or third party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies; (b) data derived from such Confidential Information, including any summaries, compilations, quotes, or paraphrases thereof; (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as referred to in Fed. R. Civ. P. 26(c)(1)(G)); or (d) any other information that the designating party reasonably believes (1) constitutes proprietary information, confidential business information, information that the designating party may need, for any business, employment or competitive purposes, to be protected from disclosure, trade secrets, and/or information in which the party or any third party has a privacy interest, or (2) is subject to protection from disclosure, or limitation upon disclosure, under applicable law.

1.2 As used herein, the terms "document," "documents," "tangible things," "recordings," and "photographs" mean documents, writings, tangible

things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

**2.   DESIGNATION OF CONFIDENTIAL INFORMATION**

2.1   This PROTECTIVE ORDER applies to all discovery responses, documents, testimony, and other information or materials containing Confidential Information disclosed in this action that are designated by a party or third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, Rule 45 subpoenas to third parties, or any other discovery undertaken in this action.

2.2   Any party or third party responding to discovery in this action shall have the right to designate any document, testimony, or other information or material as "Highly Confidential – Attorneys' Eyes Only."  "Highly Confidential – Attorneys' Eyes Only" information is information that the designating party reasonably believes contains Confidential Information which reasonably requires for its protection to be treated as "Highly Confidential – Attorneys' Eyes Only."

2.3   Such designation shall be accomplished by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on every page of each document or portion thereof so designated.  In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate notation shall be affixed to the

outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the Confidential Information contained therein.

2.4 Confidential Information so designated shall be used only for the purposes of this litigation and may not be used by any party to whom or which that information is produced or disclosed for research, development, sales, marketing, publicity, or competitive purposes, or any other purpose. Confidential Information so designated shall not be disclosed to anyone other than those persons identified in Paragraphs 4.3 and 4.4, *infra*, except as may be ordered by the Court or agreed to in writing by the parties. If any information designated by a party or third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is thereafter used by a party to whom or which it has been produced or disclosed as part of a paper filed or lodged with the Court in this action or in a response to a discovery request in this action, the party using that information shall take all reasonable steps to preserve the continued confidentiality of that designated Confidential Information. This includes maintaining the designation of confidentiality in all places where that information is so used and requesting that such information is filed or lodged with the Court under seal in accordance with the procedures of C.D. Cal. Local Rule 79-5.1.

2.5 The parties and any third parties responding to discovery in this action shall use reasonable care to avoid designating any materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that are: (a) not entitled to such designation, or (b) generally available to the public.

**3.     DEPOSITIONS**

3.1 With respect to the examination of witnesses upon oral deposition, when designated Confidential Information is supplied to the deponent, or when the

deponent's testimony contains, reflects, or comments on designated Confidential Information, the deposition reporter and/or videotape operator shall be informed of this PROTECTIVE ORDER by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms.  The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated Confidential Information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER."  Counsel for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from being disclosed to any person, except as provided in this PROTECTIVE ORDER.

      3.2    Testimony at a deposition may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if this PROTECTIVE ORDER is invoked at the deposition by counsel for a party or third party or the deponent.  The designating party or third party also may, within thirty (30) days after receiving a copy of the deposition transcript, provide all parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party or third party designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  If a deponent has disclosed something at a deposition that a party or third party believes constitutes Confidential Information and should be designated as such, the party or third party so believing can go back during the deposition and designate that information as may be appropriate.

      3.3    Each deponent to whom any party or third party proposes to disclose designated Confidential Information at a deposition, trial, or other proceeding shall

1 be given a copy of this PROTECTIVE ORDER and informed of its contents and
2 the parties shall take all reasonable steps to have such witnesses abide by the same.
3      3.4    If designated Confidential Information is to be discussed or disclosed
4 in a deposition, any party or third party claiming such confidentiality may exclude
5 from the room any person who is not entitled to receive such Confidential
6 Information during that portion of the deposition in which the Confidential
7 Information is actually discussed or disclosed. If designated Confidential
8 Information is to be discussed or disclosed at a hearing or at trial, the parties may
9 request that the Court exclude from the courtroom any person who is not entitled to
10 receive such Confidential Information during that portion of the hearing or trial in
11 which the Confidential Information is actually discussed or disclosed.
12
13     **4.**    **DISCLOSURE OF DESIGNATED CONFIDENTIAL**
14          **INFORMATION**
15      4.1    The parties, counsel for the parties, and all persons who view
16 designated Confidential Information shall maintain all information designated as
17 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
18 in confidence and shall not disclose such information, directly or indirectly, to any
19 person except as provided in this PROTECTIVE ORDER.
20      4.2    While the disclosure of Confidential Information designated
21 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
22 to persons not authorized by this PROTECTIVE ORDER could, by definition, be
23 prejudicial to the business, operations, or interests of the designating party or third
24 party, the designations should not be overused.
25      4.3    Access to Confidential Information designated as CONFIDENTIAL
26 shall be limited to the following persons:
27
28

   4.3.1  Outside and in-house counsel for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

   4.3.2  Bona fide experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties for purposes of this litigation.

   4.3.3  Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions. Counsel should have a good faith belief that such disclosure is necessary before disclosing designated Confidential Information to the deponent.

   4.3.4  Court reporter(s) employed in this litigation.

   4.3.5  The parties to this action, as well as current officers, directors, and employees of the parties to this action that are corporate entities.

   4.3.6  The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

 4.4 Access to Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to the following persons:

   4.4.1  Outside and in-house counsel for the parties and their support personnel such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation.

        4.4.2      Bona fide experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the parties for purposes of this litigation.

        4.4.3      Pursuant to Paragraphs 3.1 through 3.4, *supra*, deponents at their depositions. Counsel should have a good faith belief that such disclosure is necessary before disclosing designated Confidential Information to the deponent.

        4.4.4      Court reporter(s) employed in this litigation.

        4.4.5      The Court and its staff, mediators used in settlement proceedings in this action and their staff, and members of a jury impaneled for a trial in this action.

    4.5    Nothing herein shall prohibit a party, or his or its counsel, from disclosing a document that contains Confidential Information to the person whom the document identifies as an author, addressee, or recipient of such document.

## 5.    CHALLENGING A DESIGNATION

    5.1    A party which disputes the propriety of a designation shall challenge such designation within a reasonable time after the materials are so designated. In the event that a party challenges such designation, the party shall provide written notice to the designating party of its disagreement with the designation. The parties shall first attempt to resolve the dispute in good faith and shall employ the procedures of Local Rules 37-1 through 37-4 to resolve that dispute. If the dispute cannot be resolved, the receiving party may apply to the Court for a ruling concerning the status of such material, and, pending such application and ruling, the receiving party shall treat such material as Confidential Information under this PROTECTIVE ORDER. Upon any hearing, the burden of proving that material has been properly designated is on the party making such designation.

5.2     For documents that any party might wish to file with the Court under seal, that party shall employ the procedures of Local Rule 79-5.1 and comply with the requirements of Section 9, *infra*.

5.3     No party shall be obliged to challenge the propriety of a designation, and a failure to do so shall not preclude a subsequent attack on the propriety of any other designation.

## 6.     INADVERTENT FAILURE TO DESIGNATE

6.1     The inadvertent failure to designate Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to or at the time of disclosure shall not operate as a waiver of a party's or third party's right to designate such information within thirty (30) days after such disclosure or, if the information is provided by a third party, within thirty (30) days after notice of such disclosure.

6.2     In the event that Confidential Information is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after disclosure but within the thirty (30) day period allowed under Paragraph 6.1, *supra*, the receiving party shall employ reasonable efforts to ensure that all previously disclosed Confidential Information is subsequently treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate, pursuant to the terms of this PROTECTIVE ORDER.

6.3     Should any document or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this PROTECTIVE ORDER, then the disclosing party or third party shall use its best efforts to bind such person to the terms of this PROTECTIVE ORDER, and the disclosing party shall:  (a) promptly inform such

person of all the provisions of this PROTECTIVE ORDER, and (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party or third party that or who designated the document.

## 7. CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION

7.1     Confidential Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in the custody of counsel for the parties, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this PROTECTIVE ORDER, to the extent necessary for their study, analysis, and preparation of the case.  Except for the Court, a person with custody of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this PROTECTIVE ORDER to examine it.  Counsel may furnish information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in written format to persons authorized under this PROTECTIVE ORDER to receive it.

7.2     Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non-appealable decision of the Court, the parties, counsel for the parties, and all other persons who are in possession of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY agree that they will (a) destroy or return to the producing party or third party all hard copy documents, other than attorney work product, containing designated Confidential Information produced

by a party or third party; and (b) delete all electronically stored documents, other than attorney work product, containing designated Confidential Information produced by a party or third party.  Notwithstanding the foregoing, the parties shall not have any obligation under this Protective Order to ensure the destruction of any copies of electronically-stored Confidential Information made by the automatic processes of their computer systems, including but not limited to any such copies that may reside on their servers and/or backup tapes.

       7.3    Notwithstanding the foregoing, counsel of record and each party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Nothing in this paragraph shall be construed to require any party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel.  Such file copies must be maintained under the conditions of maintaining confidentiality as set forth in Paragraph 7.1, *supra*.

## 8. MISCELLANEOUS PROVISIONS

       8.1    Except as otherwise set forth in Paragraphs 8.5-8.7 regarding the introduction and use of Confidential Information at trial and by the Court, and as may be required by law or legal process, the obligations of confidentiality and nondisclosure shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action.  These obligations of confidentiality and nondisclosure shall bind the parties through all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, and shall survive the conclusion of this action unless and until otherwise ordered by the Court, or

Mitchell Silberberg & Knupp LLP

5030378.1/44939-00001

11

[PROPOSED] PROTECTIVE ORDER

1  until the parties to this action stipulate that designated Confidential Information
2  can be disclosed.
3      8.2    By entering into this PROTECTIVE ORDER, no party or third party
4  waives any objections it might have to the production of documents or information
5  covered by this PROTECTIVE ORDER.
6      8.3    No party to this action, by entering into this PROTECTIVE ORDER,
7  by designating certain information as CONFIDENTIAL or HIGHLY
8  CONFIDENTIAL – ATTORNEYS' EYES ONLY, or by acquiescing in any other
9  party's such designation, shall be deemed to have admitted or agreed that any such
10 designated information is, in fact, a trade secret or other confidential research,
11 development, or commercial information.
12     8.4    The Court retains jurisdiction even after termination of this action to
13 enforce this PROTECTIVE ORDER and to make such deletions from or
14 amendments, modifications, and additions to the PROTECTIVE ORDER that the
15 Court may from time to time deem appropriate.  The parties hereto reserve all
16 rights to apply to the Court at any time, before or after termination of this action,
17 for an order modifying this PROTECTIVE ORDER or seeking further protection
18 against disclosure or use of claimed Confidential Information.
19     8.5    Nothing contained herein shall restrict any party from introducing
20 designated Confidential Information as evidence at trial.  A party may seek a
21 protective order prior to trial with respect to testimony containing designated
22 Confidential Information that may be offered at trial or specific documents
23 containing designated Confidential Information that may be marked as exhibits at
24 trial in order to maintain the continued confidentiality of such information.
25     8.6    In general, court orders are available to the public.  To the extent that
26 a party refers to or relies upon material that is filed under seal in its pleadings, the
27 pleadings must request that specific information be kept confidential.  Absent the
28

1 granting of such advance request, the Court may incorporate all evidence in its
2 written and oral rulings.
3     8.7    In the event the case proceeds to trial, all information that was subject
4 to the provisions of a protective order and that is used at trial will become public
5 absent a separate court order upon motion and sufficient cause shown.
6
7 **9.    <u>FILING OR LODGING UNDER SEAL</u>**
8     9.1    If any party or third party seeks to file or lodge with the Court any
9 documents or things that contain designated CONFIDENTIAL or HIGHLY
10 CONFIDENTIAL – ATTORNEYS' EYES ONLY, such materials shall be
11 submitted to the Court in accordance with the procedures set forth in C.D. Cal.
12 Local Rule 79-5.1 for filing documents under seal. Where one party or third party
13 wishes to file or lodge any documents or things with the Court under seal, the other
14 party or parties shall not unreasonably withhold agreement to such filing or
15 lodging under seal. If such agreement is provided, the parties shall submit to the
16 Court a stipulation and proposed order for such filing or lodging under seal. If no
17 such agreement is provided, then the filing or lodging party or third party shall
18 submit an application and proposed order to the Court pursuant to C.D. Cal. Local
19 Rule 79-5.1.
20     9.2    The person filing Confidential Information under C.D. Cal. Local
21 Rule 79-5.1 shall designate to the Clerk that all or a designated portion thereof is
22 subject to this PROTECTIVE ORDER and is requested to be kept under seal,
23 except that upon the default of the filing party to so designate, any party may do
24 so.
25
26
27
28

## 10. GOOD CAUSE STATEMENT

Pursuant to Fed. R. Civ. P. 26(c), good cause exists for entry of this PROTECTIVE ORDER because the parties to this action: (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, (a) information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitor, (b) other information that constitutes proprietary information, confidential business information, information that a party or third party may need, for any business, employment or competitive purposes, to be protected from disclosure, (c) trade secrets, and/or information in which a party or any third party has a privacy interest, and (d) information that is subject to protection from disclosure, or limitation upon disclosure, under applicable law; (2) believe that unrestricted disclosure or dissemination of such Confidential Information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

DATED: March 26, 2013

*/s/John E. McDermott*
Honorable John E. McDermott
United States Magistrate Judge